**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Bison Advisors LLC, a Minnesota limited liability company, Ephraim Gildor, and Argos Capital Management Inc., <br><br> Plaintiffs, <br><br> v. <br><br> Irvin Kessler, Peter Goddard, and Walleye Trading Advisors LLC, a Minnesota limited liability company, <br><br> Defendants. | Case No. 0:14-cv-03121-DSD-SER <br><br><br><br> **DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL PLAINTIFFS BISON ADVISORS AND ARGOS CAPITAL MANAGEMENT TO APPEAR FOR 30(B)(6) DEPOSITIONS** |

## Introduction

Plaintiffs Bison Advisors LLC ("Bison") and Argos Capital Management, Inc. ("Argos") refused to attend their properly noticed Rule 30(b)(6) depositions unless the depositions were limited to a total of no more than two hours, combined. When Defendants would not agree to this unreasonable and improper demand, Bison and Argos simply failed to attend their depositions, without seeking a protective order as required by Rule 37. Defendants now request that Plaintiffs Bison and Argos be compelled to attend their 30(b)(6) depositions.

## Background

Plaintiffs Bison and Argos are seeking nearly $7 million dollars in damages based on their claim that Defendants have misappropriated Bison's purported trade secrets. (Affidavit of Wayne S. Moskowitz filed June 15, 2015 ("Moskowitz Aff."), Ex. S, the

Corrected Expert Report of Frank A. Bernatowicz ("Bernatowicz Report") at 7; Second Amended and Supplemental Complaint ("SAC"), ¶¶ 22-24, 139-46.) Bison is a Minnesota LLC with one member, Argos, a Delaware corporation. (SAC, ¶ 1.) Plaintiff Ephraim Gildor ("Gildor") is Argos's sole shareholder. (*Id*.)[1]

On April 20, 2015, Defendants noticed Gildor's deposition for 9 am on May 13, 2015, and Bison's Rule 30(b)(6) deposition for 1:30 on that same day; the deposition notices provide that each was to continue "thereafter from time to time until completed." (Declaration of Haley N. Schaffer filed June 15, 2015 ("Schaffer Dec.") Exs. A, B.)  On May 4, 2015, Plaintiffs produced over 307,000 pages of documents. (*Id*. Ex. C.) Defendants then realized that it would be impossible to conduct an adequate Rule 30(b)(6) deposition of Bison and Gildor's individual deposition on the same day. Accordingly, on May 8, Defendants served Plaintiffs an amended notice of Bison's Rule 30(b)(6) deposition for a later date, May 15. (*Id*. Ex. D.) A few days later, on May 12, Defendants served Plaintiffs a notice of the 30(b)(6) deposition of Argos, scheduling it for May 18. (*Id*. Ex. E.)

The Rule 30(b)(6) deposition notices for Bison and Argos identify key topics related to Plaintiffs' trade secrets misappropriation claim. (*Id*. Exs. D, E.) Additionally, the Argos Rule 30(b)(6) deposition notice includes topics related to Argos's membership in Bison. (*Id*. Ex. E at 1.) The vast majority of the topics noticed for both depositions

---

[1] The factual background of this dispute is set forth in Defendants' Memorandum In Support of Motion to Allow Purported Trade Secret Inventors Access to Plaintiffs' Trade Secret Expert Report, filed contemporaneously with this brief.

relate directly to Plaintiffs' claim that Defendants misappropriated Bison's purported trade secrets. (*Id*. Ex. D at 2; Ex. E at 2-3.) Plaintiffs allege Defendants misappropriated nineteen different trade secrets, each of which is complex. (Moskowitz Aff., Ex. Q, the Corrected Expert Report of Dr. Israel "Izzy" Nelken ("Nelken Report").) Indeed, Plaintiff's trade secret expert report is over 150 pages long. (*Id*.)

On May 13, Defendants conducted Gildor's deposition. During his deposition, Gildor was not questioned in detail about the Bison and Argos Rule 30(b)(6) deposition topics. (*See generally*, Schaffer Dec., Ex. F, Deposition of Ephraim F. Gildor.) Nevertheless, Plaintiffs' counsel repeatedly stated that Gildor's deposition testimony was Bison's Rule 30(b)(6) deposition testimony. (*Id*. at 25, 32, 39, 49, 73, 125, 129, 308.) Defendants' counsel stated that Bison's deposition was scheduled for another date, and that Gildor's individual deposition was not a substitute for Bison's Rule 30(b)(6) deposition. (*Id*. at 5-6, 32, 314-17.)

By emails dated May 14 and 15, Plaintiffs objected to the dates, locations and lengths of the Bison and Argos Rule 30(b)(6) depositions. (Schaeffer Dec., Ex. G at 4-8.) Defendants responded by offering to reschedule the depositions to accommodate Plaintiffs' schedule and preferences. (*Id*. at 4-7.) On May 14, when Bison's counsel informed Defendants that Bison would not appear at its Rule 30(b)(6) deposition noticed for the following day, Defendants requested that Plaintiffs meet and confer regarding a possible resolution. (*Id*. at 9.) In the course of the meet and confer, Defendants offered a number of compromises, including agreeing to conduct a joint Bison/Argos 30(b)(6)

deposition on June 3, 2015, in Aspen, Colorado, where Gildor resides.[2] Defendants also agreed to conduct a combined deposition of Bison and Argos limited to ten hours, even though Rule 30(d)(1) permits separate seven-hour depositions for each deponent. (*See id.* 6.) During the meet and confer, Plaintiffs agreed to Defendants' proposed combined deposition of Bison and Argos, and also did not object when Defendants confirmed the same in writing. (*See id.* at 6-7.) Plaintiffs, however, insisted that Defendants limit the combined deposition to a total of two hours. (*Id.* at 4-5.)

In response, Defendants agreed to reduce the total time for the combined depositions to eight hours. (*Id.* at 5.) Plaintiffs rejected this offer and again refused to produce Bison and Argos for their depositions unless Defendants agreed to a two-hour time limit. (*Id.* at 4.)

Defendants' counsel then agreed to limit the combined deposition to seven hours. (*Id.* at 4.) Plaintiffs ignored this offer and made no counter-proposal. (*Id.* at 3.) Defendants could not agree to a two-hour limit because it did not give them adequate time to complete the depositions, particularly regarding the factual basis for claims of misappropriation of purported trade secrets, which are multiple and complex.

On May 15, 2015, Bison failed to appear for its duly noticed Rule 30(b)(6) deposition. On May 18, 2015, Argos failed to appear for its duly noticed Rule 30(b)(6)

---

[2] Plaintiffs had indicated that Gildor would be the corporate designee for both Bison and Argos, and that he was available on that date in Aspen. (Schaeffer Dec., Ex. G at 8.)

deposition. (Schaeffer Dec., Exs. H, I.) Neither Bison nor Argos sought a protective order to cancel or limit the depositions.

## Argument

**I.      Bison and Argos should be compelled to produce a corporate representative to testify on the noticed 30(b)(6) topics.**

Under both the Federal Rules of Civil Procedure and the law interpreting the Rules, Defendants are entitled to take the corporate representative depositions of Plaintiffs Bison and Argos. Plaintiffs' nevertheless have argued, without any legal support, that Defendants rights under Rule 30(b)(6) should be significantly reduced, if not completely eliminated, because Defendants have already taken the *individual* deposition of Gildor, who apparently would have been the corporate designee of both Bison and Argos. That argument fails because (1) Plaintiffs have the right to a Rule 30(b)(6) deposition even if the corporate designee has been deposed, and (2) even if Plaintiffs' position were correct, they were required to seek a protective order before the depositions, not simply fail to appear.

> **A.      *Gildor's individual deposition is not a substitute for Bison's or Argos's deposition.***

The Federal Rules of Civil Procedure expressly allow for the depositions of a person in *both* an individual capacity and as a corporate representative. See Fed. R. Civ. P. 30(b)(1) (governing notices of deposition of persons); Fed. R. Civ. P. 30(b)(6) (governing notices of deposition directed to business entity). Indeed, Rule 30(b)(6) specifically provides that "[t]his paragraph 6 does *not* preclude taking a deposition by any other procedure authorized in these rules." Fed. R. Civ. P. 30(b)(6) (emphasis added).

Federal courts also repeatedly and consistently have held that a moving party is entitled to a Rule 30(b)(6) deposition even if the moving party has already taken a prior deposition of the corporate designee in an individual capacity. *See Centrix Fin. Liquidating Trust v. Nat'l Union Fire Ins. Co.*, 2013 U.S. Dist. LEXIS 88843, *11-12, 2013 WL 3225802 (E.D. Mo. June 25, 2013) ("[P]rior deposition testimony from individual fact witnesses does not relieve a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition, even when the same witness will testify in an individual and a corporate capacity."); *Provide Commerce, Inc. v. Preferred Commerce, Inc.*, 2008 U.S. Dist. LEXIS 9563, 2008 WL 360588, at *3 (S.D. Fla. Feb. 8, 2008) ("[A] corporate entity is distinct from the individuals who control or manage the corporation. . . . this Court did not find any case law that barred a second deposition of an individual who was first deposed in his individual capacity and then called to testify a second time on behalf of the corporation."); *ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 U.S. Dist. LEXIS 42965, *10, 2007 WL 1732369 (D. Kan. June 11, 2007) (denying motion for protective order to block 30(b)(6) deposition of witness previously deposed in individual capacity); *Taylor v. Shaw*, 2:04-cv-01668-LDG-LRL, 2007 U.S. Dist. LEXIS 16305, 2007 WL 710186, at *7 (D. Nev. Mar. 7, 2007) ("Rule 30 allows depositions of a witness in his individual capacity and in an organizational capacity because the depositions serve distinct purposes and impose different obligations."); *Alloc, Inc. v. Unilin Decor N.V.*, 2006 U.S. Dist. LEXIS 65889, 2006 WL 2527656, at *2 (E.D. Wis. Aug. 29, 2006) ("[T]here is a qualitative difference in the testimony that one witness may give as an individual and as a Rule 30(b)(6) deponent.");

6

*see also Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 210 F.3d 1, 17 (1st Cir. 2000) (affirming award of sanctions and fees for refusing to produce 30(b)(6) witnesses); *AG-Innovations, Inc. v. United States*, 82 Fed. Cl. 69, 93 (2008) (holding that deposing party is under no obligation to accept designated testimony of individual's deposition as substitute for 30(b)(6) deposition).

This makes sense because, under the Rules, the nature and purpose of a Rule 30(b)(6) deposition is distinct from that of an individual fact witness deposition. *Murphy v. Kmart Corp.*, 255 F.R.D. 497, 505 (D.S.D. 2009). A Rule 30(b)(6) deposition notice requires the responding party to prepare a designated representative to testify on matters not only within his or her personal knowledge, but also on matters reasonably known by the responding entity, and that testimony binds the corporate entity in a way that an individual deposition does not. *Alliance for Global Justice v. District of Columbia*, 437 F. Supp. 2d 32, 37 (D.D.C. 2006); *see also McLellan Highway Corp. v. United States*, 95 F. Supp. 2d 1, 9 (D. Mass. 2000) (corporate witness' testimony represents the knowledge or position of the organization on the topic designated, not that of the individual deponent).

Here, Bison and Argos are corporate entities with a large volume of business records (as evidenced by the 266,000 plus documents they have produced in this case) and a number of employees. During his individual deposition, Gildor was only asked about and required to testify as to matters within his personal knowledge. As the  Rule 30(b)(6) designee for Bison and Argos, on the other hand, Gildor would have been asked about the knowledge of each corporation and would have been required to gather information from both records and other knowledgeable persons, not just himself, in

order to testify as to that knowledge. *See, e.g., In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 455-56 (Bankr. S.D.N.Y. 2007) ("[I]t is expected that the Rule 30(b)(6) witness will be provided with information both from records maintained by the entity and by others with knowledge of it.") This qualitative difference in the testimony that the same witness may give as an individual and as a Rule 30(b)(6) corporate designee underscores the wisdom of the Rules' distinction between the two types of depositions.

Plaintiffs' trade secret misappropriation claim lies at the heart of this case, and the testimony of Bison and Argos about the purported trade secrets is crucial to Defendants' defense. Defendants cannot be expected to present an adequate defense to Plaintiffs' trade secret misappropriation claim – which Plaintiffs estimate to be worth over $6.8 million – if they cannot examine the corporate Plaintiffs about the alleged trade secrets. Plaintiffs' refusal to appear at the Rule 30(b)(6) depositions of Bison and Argos is an improper attempt to deny Defendants discovery on the central claim in this lawsuit.

While Plaintiffs have alleged that Defendants have covered the majority of the Rule 30(b)(6) noticed topics during Gildor's deposition, this argument is contrary to both the facts and the law.

Plaintiffs allege that Defendants have misappropriated nineteen purported trade secrets belonging to Plaintiffs. The Rule 30(b)(6) deposition notices of Bison and Argos listed fifteen topics related to each and every purported trade secret. Not a single one of Plaintiffs' purported trade secrets was covered with any substantial depth or breadth during the Rule 30(b)(6) deposition of Gildor, and fewer than half of the purported trade

8

secrets were mentioned at all. (*See generally*, Schaffer Dec., Ex. F, Deposition of Ephraim F. Gildor.)

Furthermore, even if Defendants covered some of the Rule 30(b)(6) topics with Gildor in his individual capacity,  Defendants are still entitled to cover those topics in Gildor's capacity as a corporate representative for the reasons discussed above. *See ICE Corp. v. Hamilton Sundstrand Corp.*, 2007 U.S. Dist. LEXIS 42965, *13-14, 2007 WL 1732369 (D. Kan. June 11, 2007) (holding that party may ask Rule 30(b)(6) designee same questions asked in prior individual deposition, because 30(b)(6) depositions "prevent sandbagging"); *see also Smith v. Gen. Mills, Inc.*, 2006 U.S. Dist. LEXIS 19093, 2006 WL 2525462, at *5 (S.D. Ohio Apr. 13, 2006) (entity cannot escape obligation to produce 30(b)(6) witness by claiming individual fact witnesses have or will testify on same issues).

Here, Defendants intend to gather information from Bison and Argos that Defendants were not able to gather from Gildor in his individual capacity. Defendants will be significantly prejudiced in their defense if they cannot do so. *See Kammerer v. Wyeth*, 8:04CV196, 2011 U.S. Dist. LEXIS 86962, *6-8, 2011 WL 3438442 (D. Neb. Aug. 5, 2011) (finding party would be prejudiced if it could not depose witness for seven hours, rather than two hours previously agreed upon by the parties, given production of new evidence).

**B.** ***Plaintiffs were required to seek a protective order instead of refusing to appear.***

The mere fact that a party finds a deposition notice objectionable is not grounds for refusal to appear at that deposition. Fed. R. Civ. P. 37(d)(2) ("A failure described in Rule 37(d)(1)(A) is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)."). If they found the Rule 30(b)(6) deposition notices objectionable, Plaintiffs' *only* recourse was to seek a protective order to bar the noticed 30(b)(6) depositions from going forward as noticed. *Id.; see also Hydramar, Inc. v. Gen. Dynamics Corp.*, 115 F.R.D. 147, 153 (E.D. Pa. 1986) ("A deposition, properly noticed under Fed. R. Civ. P. 30(b), such as the one before this Court, must be attended, however, unless the deponent obtains a court order relieving it of this obligation."). Under the express language of Rule 37, a motion for a protective order must be pending at the time of the scheduled deposition. If the motion is not already pending at that time, then failure to appear is presumptively sanctionable. Fed. R. Civ. P. 37(d)(2).[3]

---

[3] Additionally, Plaintiffs' argument that the Rule 30(b)(6) deposition notice of Argos was not timely noticed is a red herring. Plaintiffs waived this objection to the Argos deposition when they agreed during a telephonic meet and confer to the combined deposition of Bison and Argos. Such agreement is reflected in Plaintiffs' failure to object when Defendants confirmed in writing the Parties' agreement to "the Argos/Bison 30(b)(6)" and by Plaintiffs' response regarding rescheduling the "30b6 *notices*". (Schaeffer Dec., Ex. G at 6-7 (emphasis added).)

**II.**   **Plaintiffs should be sanctioned for their refusal to appear at the noticed 30(b)(6) depositions of Bison and Argos without first seeking proper relief from this Court.**

Rule 37(d) provides that the court may, on motion, order sanctions if a party fails to appear at a properly noticed 30(b)(6) deposition. Fed. R. Civ. P. 37(d)(3). These sanctions may include any of the following:

> (i)   directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii)  prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv)  staying further proceedings until the order is obeyed;
> (v)   dismissing the action or proceeding in whole or in part;
> (vi)  rendering a default judgment against the disobedient party[.]

*Id.* (citing Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi)); *see also Kilpatrick v. King*, 2005 U.S. Dist. LEXIS 32693, *3-4, 2005 WL 2180097 (D. Neb. Sept. 7, 2005) ) ("Rule 37(d) specifically authorizes Rule 37(b) sanctions for failure to attend a deposition").

Rule 37 also requires that "[i]nstead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3). The award of costs and fees is not discretionary; if a party fails to appear at its own deposition, the moving party is entitled to an award of reasonable costs and fees, including attorney's fees, incurred as a result. *See Card Tech. Corp. v. Datacard Inc.*, 249 F.R.D. 567, 572 (D. Minn. 2008) (awarding attorney's fees in

11

addition to other sanctions for party's failure to appear at deposition); *Carter v. Woods*, 2015 U.S. Dist. LEXIS 75647, *9 (Apr. 20, 2015) (granting motion to dismiss and awarding costs to moving party where deponent failed to appear at deposition); *Katoch v. Mediq/PRN Life Support Servs.*, 2005 U.S. Dist. LEXIS 27627, *25-26 (E.D. Mo. Nov. 14, 2005).

Here, Defendants are entitled to an award of sanctions against Plaintiffs because (1) Defendants noticed Rule 30(b)(6) depositions of Plaintiffs Bison and Argos; (2) Defendants made repeated and diligent good faith efforts to schedule the depositions for a time, place, and duration suitable to all Parties; (3) Plaintiffs refused to appear at the depositions, and did not make a good faith effort to do so; and (4) Plaintiffs did not seek a protective order to prevent the depositions from going forward. *See* Fed. R. Civ. P. 37(d)(3); *see also Hydramar, Inc.*, 115 F.R.D. at 153 (E.D. Pa. 1986); *Kilpatrick*, 2005 U.S. Dist. LEXIS 32693, *3-4, 2005 WL 2180097 (D. Neb. Sept. 7, 2005).

Accordingly, Defendants ask that the Court (1) dismiss the proceeding in whole or in part; (2)  prohibit Plaintiffs from supporting or opposing all claims or defenses related to the Rule 30(b)(6) notice topics that related to Plaintiffs' claim for misappropriation of purported trade secrets, or from introducing evidence related to such topics at trial; and (3) award Defendants their reasonable expenses, including attorney's fees, incurred as a result of Plaintiffs' failure to appear at the noticed Rule 30(b)(6) depositions, including those costs and fees incurred in bringing this motion.

Finally, under the Amended Scheduling Order entered June 9, 2015, Defendants' expert reports are due on June 19, 2015. Defendants respectfully ask that they be allowed

to amend any and all expert reports which are impacted by the Rule 30(b)(6) deposition testimony of Bison and Argos, should the Court grant this motion to compel. Defendants' fact discovery related to the trade secret misappropriation claim has been severely limited by Bison's and Argos's refusal to be deposed. Given that the Rule 30(b)(6) depositions of Bison and Argos will be the primary means for Defendants to take discovery on Plaintiffs' trade secret misappropriation claim, it is critical that Defendants' experts be permitted to amend their reports as necessary after reviewing the Rule 30(b)(6) deposition testimony.

## Conclusion

Defendants respectfully request that the Court enter an Order as follows: (1) compelling Bison and Argos to produce Rule 30(b)(6) designees for depositions in Minnesota within ten days, each of which may last up to 7 hours; (2) awarding sanctions for Bison's and Argos's failure to appear at their depositions; and (3) allowing Defendants to amend their expert reports within 10 days of the completion of both depositions.

**MASLON LLP**

Dated:  June 15, 2015.

By:     *s/Melissa Muro LaMere*
         William Z. Pentelovitch (#85078)
         Richard G. Wilson (#16544X)
         Wayne S. Moskowitz (#17936X)
         Haley N. Schaffer (#313099)
         Catherine Ahlin-Halverson (#350473)
         Melissa Muro LaMere (#0393295)
3300 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-4140
(612) 672-8200
         bill.pentelovitch@maslon.com
         rich.wilson@maslon.com
         wayne.moskowitz@maslon.com
         haley.schaffer@maslon.com
         catherine.ahlin@maslon.com
         melissa.murolamere@maslon.com

**ATTORNEYS FOR DEFENDANTS**

4817-9117-1364, v. 5

14