UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-3121(DSD/SER)

Bison Advisors LLC, a Minnesota
limited liability company,

      Plaintiff,

v.                                                              **ORDER**

Irvin Kessler, Peter Goddard and
Walleye Trading Advisors LLC, a
Minnesota limited liability company,

      Defendant.

> Jeffrey J. Bouslog, Esq. and Oppenheimer, Wolff & Donnelly, LLP, 222 South Ninth Street, Suite 2000, Minneapolis, MN 55402, counsel for plaintiff.
>
> William Z. Pentelovitch, Esq. and Maslon, Edelman, Borman & Brand, 90 South Seventh Street, Suite 3300, Minneapolis, MN 55402, counsel for defendant.

This matter is before the court upon the objections of defendants Irvin Kessler, Peter Goddard, and Walleye Trading Advisors LLC to the June 29, 2015, order of Magistrate Judge Steven E. Rau. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court overrules the objections.

## BACKGROUND

In this business dispute, plaintiffs Bison Advisors LLC (Bison), Argos Capital Management Inc. (Argos), and Ephraim Gildor, allege that defendants misappropriated various trade secrets

belonging to Bison.  On April 20, 2015, defendants provided notice that Gildor's individual deposition would take place on May 13, 2015, at 9:00 a.m.  Plaintiffs also noticed Bison's deposition under Rule 30(b)(6) for the same day, but to begin at 1:30 p.m. The notices provided that each deposition was to continue "thereafter from time to time until completed."  Because Gildor is the sole owner of Argos and Argos is the sole member of Bison, the parties understood that Gildor would be the corporate representative for Bison's deposition.  At the time, the parties were operating under a May 18, 2015, deadline to complete fact discovery.

On May 8, 2015, defendants served an amended notice that rescheduled the Bison deposition to May 15.  Plaintiffs objected to the amended notice the same day, stating that the testimony offered in Gildor's individual deposition would be identical to his testimony on behalf of Bison.  On May 12, defendants also noticed a 30(b)(6) deposition of Argos for May 18.

Gildor's individual deposition took place on May 13 as scheduled, and it ended around 7 p.m.  Although Bison's 30(b)(6) deposition did not go forward that day, Gildor's testimony was adopted as binding on Bison.  The parties dispute whether that testimony adequately addresses the topics that would likely have been covered during Bison's deposition.  Plaintiffs thereafter notified defendants that they would not be producing a witness for

2

either the Bison or Argos depositions.  In an attempted compromise, defendants offered to conduct a joint seven-hour deposition of the two entities.  Plaintiffs agreed so long as the deposition would be limited to two hours.  Defendants rejected the counterproposal, and neither Argos nor Bison appeared for their noticed depositions.

On June 15, 2015, defendants filed a motion to compel Bison and Argos to appear.  ECF No. 117.  Plaintiffs filed a motion for a protective order on the same day, seeking to prevent any additional depositions.  ECF No. 124.  On June 29, the magistrate judge granted and denied both motions in part.  ECF No. 171. Specifically, the magistrate judge ordered Gildor to appear as the corporate representative for a three and a half hour combined deposition of Bison and Argos.  Id. ¶ 1.  Defendants now object, requesting that the court increase the time allotted for the deposition to seven hours.

**DISCUSSION**

The district court will modify or set aside a magistrate judge's order on a nondispositive issue only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); D. Minn. L.R. 72.2(a).  This is an "extremely deferential" standard.  Reko v. Creative Promotions, Inc., 70 F. Supp. 2d 1005, 1007 (D. Minn. 1999).  "A finding is clearly erroneous when although there is evidence to support it, the

3

reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." Chakales v. Comm'r, 79 F.3d 726, 728 (8th Cir. 1995) (citations and internal quotation marks omitted). "A decision is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Knutson v. Blue Cross & Blue Shield of Minn., 254 F.R.D. 553, 556 (D. Minn. 2008) (citations and internal quotation marks omitted).

Defendants argue that the magistrate judge clearly erred by limiting the combined depositions of Bison and Argos to no more than three and a half hours. The court disagrees. "Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). District courts have broad discretion to decide discovery motions and to limit discovery. Pavlik v. Cargill, Inc., 9 F.3d 710, 714 (8th Cir. 1993). Likewise, the court has discretion "to decide when a protective order is appropriate and what degree of protection is required." May Coating Techs., Inc. v. Ill. Tool Works, 157 F.R.D. 55, 57 (D. Minn. 1994).

"A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual." Sabre v. First Dominion Capital, LLC, No. 01-2145, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001). "The testimony elicited at the Rule 30(b)(6) deposition represents the knowledge of the corporation,

4

not of the individual deponents." A.I.A. Holdings, S.A. v. Lehman Bros., Inc., No. 97-4978, 2002 WL 1041356, at *2 (S.D.N.Y. May 23, 2002) (quotation omitted). As a result, an individual deposed under Rule 30(b)(1) but also designated as a corporate representative under Rule 30(b)(6) is often required to appear for a separate seven-hour deposition on behalf of the corporation. See id. at *2-3. In contrast, a separate deposition of a closely held corporation may not be appropriate where the testimony of the corporate representative would be identical to the testimony given in his or her individual capacity. See Nicholas v. Wyndham Int'l, Inc., 373 F.3d 537, 543 (4th Cir. 2004) (finding no abuse of discretion where 30(b)(6) deposition was denied, noting that the either of the plaintiffs who had been deposed in their individual capacity would have been designated as the corporate representative); Sabre, 2001 WL 1590544, at *2 (stating that a deposing party does not have "carte blanche to depose an individual for seven hours as an individual and seven hours as a 30(b)(6) witness").

The court finds that the magistrate judge acted well within his discretion when limiting the combined 30(b)(6) deposition of Argos and Bison to three and a half hours. The parties agree that at least some of the testimony to be offered in the combined deposition would be duplicative of testimony offered by Gildor in his individual capacity. Indeed, much of Gildor's testimony was

5

adopted as binding on Bison. See A.I.A. Holdings, 2002 WL 1041356, at *3 ("A 30(b)(6) deposition may not be justified where ... the entity establishes that the witness's testimony ... would be identical to his testimony as an individual ...."). Moreover, as noted by plaintiffs, defendants will also have an opportunity during expert discovery to depose plaintiffs' expert witness on trade secret matters that may not be covered in the time allotted for the 30(b)(6) deposition. See Fed. R. Civ. P. 26(b)(2)© (allowing the court to limit discovery that can be obtained from other sources). The solution crafted by the magistrate judge constitutes a reasonable compromise of the parties' dispute, and it is neither clearly erroneous nor contrary to law. As a result, the court overrules the objections.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that the objections to the magistrate judge's June 29, 2015, order [ECF No. 172] are overruled.

Dated: July 24, 2015

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court