UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 14-3121(DSD/SER)

Bison Advisors LLC,
Ephraim Gildor and
Argos Capital Management, Inc.

Plaintiffs,

v.                                              **ORDER**

Irvin Kessler,
Peter Goddard and Walleye
Trading Advisors LLC,

Defendants.

Jeffrey J. Bouslog, Esq. and Kathy S. Kimmel, Esq. and Fox
Rothschild LLP, 222 South Ninth Street, Suite 2000,
Minneapolis, MN 55402, counsel for plaintiffs.

William Z. Pentelovitch, Esq. and Haley N. Schaffer, Esq. and
Maslon LLP, 90 South 7th Street, Suite 3300, Minneapolis, MN
55402, counsel for defendants.

This matter is before the court upon the request by plaintiffs

to file a motion to reconsider the court's August 12, 2016, order

granting in part defendants' motion for summary judgment, denying

plaintiffs' motion for partial summary judgment, denying as moot

defendants' motion to exclude the expert testimony of Israel Nelken

and William Goetzmann, and denying without prejudice defendants'

motion to exclude the expert testimony of Frank Bernatowicz. See

ECF No. 347. Plaintiffs seek clarification with respect to the

court's ruling on the expert motions and reconsideration of the

court's determination that genuine issues of material fact exist

with respect to plaintiffs' contract claims.

Motions to reconsider require the express permission of the

court and will be granted only upon a showing of "compelling circumstances." D. Minn. LR 7.1(j). A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances." Dale & Selby Superette & Deli v. U.S. Dep't of Agric., 838 F. Supp. 1346, 1348 (D. Minn. 1993). "Where, as here, claims against another party in the litigation remain unresolved, a Motion to Reconsider must be addressed under the rubric of Rule 54(b) ...." Grozdanich v. Leisure Hills Health Ctr., Inc., 48 F. Supp. 2d 885, 887 (D. Minn. 1999). Rule 54(b) provides that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties ... may be revised at any time before the entry of judgment adjudicating all the claims and all the parties' rights and liabilities." Although "questions once decided [should] not be subject to continued argument, in extraordinary circumstances, a District Court will always retain the authority to revisit its earlier decisions, under this Rule, before the entry of a final Judgment, in order to correct manifest error." Grozdanich, 48 F. Supp. 2d at 877-78 (alteration in original) (citation and internal quotation marks omitted). Because reconsideration "interrupts the flow of litigation towards its conclusion," however, it "should not serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the

pendency of the motion of which reconsideration was sought." Id. at 878 (citation and internal quotation marks omitted).

The court has carefully reviewed plaintiffs' request and defendants' response and finds that no compelling circumstances exist. As a result, reconsideration is not warranted.

With respect to the expert issue, some clarification is appropriate. The court denied the motions with respect to Drs. Nelken and Goetzmann as moot based on the arguments of counsel, which categorized them as trade secrets experts. Having dismissed the misappropriation of trade secrets claim – and the factually indistinguishable misappropriation of confidential information claim – the court appropriately denied the challenges to those witnesses as moot. In so ruling, the court did not, as defendants argue, determine that Bison does not have confidential information to protect. Rather, the court determined that plaintiffs failed to establish that they took sufficient steps, as measured by the Minnesota Uniform Trade Secrets Act, to ensure the secrecy of the data at issue. ECF No. 347 at 9-11. As a result, to the extent Drs. Nelken and Goetzmann have opined on issues relating to claims that have not been dismissed, the prior order does not preclude such testimony. The court will entertain any objections as to their testimony regarding such claims during the course of trial.

Accordingly, **IT IS HEREBY ORDERED** that the request for permission to file a motion to reconsider [ECF No. 348] is denied.

Dated: August 18, 2016

s/David S. Doty
David S. Doty, Judge
United States District Court